UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-874 DWF/RLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GARY C. STARK,<br>Defendant,<br>USX MINNTAC,<br>Garnishee. | AGREED FINAL ORDER IN GARNISHMENT |

The parties, the United States of America, the defendant Gary C. Stark, and the garnishee USX MinnTac, agree and stipulate as follows:

1. The defendant resides at 2505 5th Avenue East, Hibbing, MN 55746, and has a social security number of 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.

2. A judgment was entered against the defendant in this action in the amount of $10,876.07 plus interest at the rate of 6.197%, penalties and costs. A total balance due on the judgment is $12,058.04 as of July 8, 2003.

3. The garnishee, whose address is Old Highway 169, Mount Iron, MN 55768, has in its possession, custody or control, property of the defendant in the form of wages paid to the defendant.

4. The defendant waives his right to a hearing under Section 3206 of the Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. § 3205 and any other process to which the defendant may

20

FILED AUG 14 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

be entitled under the FDCPA.

5. The garnishee waives being heard in this matter and any other process to which the garnishee may be entitled under the FDCPA.

6. The defendant agrees and stipulates that his wages are subject to garnishment under 28 U.S.C. § 3205 and expressly agrees and stipulates that the entry of a Final Order in Garnishment is proper.

7. The parties therefore agree and stipulate to entry of a Final Order in Garnishment against all the non-exempt wages of the defendant. It is expressly agreed and stipulated to by the parties that the garnishee shall pay to the United States the total sum of $100.00 per month, which shall be withheld from the wages owed to the defendant.

8. These sums are to be applied upon the judgment rendered in this case. These payments are continuing. However, after a period of one year the defendant shall submit additional financial information to the plaintiff, and the agreed garnishment amount may be increased.

9. Checks should be made payable to the Department of Justice and mailed to 300 South Fourth Street, Room 600, Minneapolis, Minnesota 55415.

10. The plaintiff may pursue administrating offsets, including those by the Internal Revenue Service and the defendant

specifically consents to the offset. Any payments applied to this claim by the Internal Revenue Service as a result of tax return offsets will be credited as a payment to the existing balance and will not be included as part of the periodic payments, nor will it affect the periodic payments.

11. The defendant can at any time request an accounting of the funds garnished. However, the defendant hereby knowingly waives any rights that defendant might have under 28 U.S.C. §3205(c)(9) to any automatic accounting.

Dated: 8-11-03

THOMAS B. HEFFELFINGER
United States Attorney

BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600

Dated: 7.15.03

Gary C. Stark
Defendant

Dated: August 1, 2003

Evelyn Maltempo
United States Steel Co.
Garnishee

IT IS SO ORDERED.

Dated: August 14, 2003

Raymond L. Erickson
Magistrate Judge
United States District Court